·CASTRO, PLAINTIFF AND APPELLEE, *v.* AYBAR, DEFENDANT AND
APPELLANT.

APPEAL from the First District Court of San Juan in an
Action of Debt.

No. 3251.—Decided June 27, 1924.

DEBT—DEFERRED PAYMENT—MORTGAGE—PERSONAL ACTION.—A property having
been mortgaged by the grantee and conveyed to his minor daughter who
accepted it with that encumbrance, an ordinary action of the mortgagee to
recover the deferred part of the price secured by the mortgage, although
the mortgage may not be recorded, is against the actual owner of the prop-
erty and not against the grantee who created the mortgage.

The facts are stated in the opinion.

*Messrs. H. R. Francis* and *M. Cruz Horta* for the ap-
pellant.

*Mr. C. J. Torres* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

On August 22, 1923, Pedro A. de Castro brought an or-
dinary action in the district court against Carmen Silvia
Aybar Mendoza, represented by her father with *patria po-
testas*, Ramón S. Aybar, alleging in substance that the de-
fendant is a minor under the *patria potestas* of her father;
that by a public deed of February 15, 1921, the father of
the said minor purchased from the plaintiff the house and
lot described in the complaint for the sum of $2,500, paying
$1,800 at the time of the execution of the deed and secur-
ing the balance of $700 with a mortgage on the property
purchased; that in the same deed the purchaser trans-
ferred the said property to his minor daughter with all of
its appurtenances, uses, servitudes and annexes; that the
registrar of property recorded the transfer made in favor
of the minor, but refused to record the mortgage created
on the property; that the mortgage was for two years to
expire on February 15, 1923, but it has not been paid by
the minor transferee or by any other person in her name,
and that when the sale was made the vendee and vendor
agreed that in case of foreclosure the mortgagor would have

to pay an additional $150 for costs, expenses and attorney's fees. On these averments the plaintiff prayed for judgment against the defendant for the $700 with interest thereon and $150 for costs, expenses and attorney's fees.

The minor defendant pleaded that the complaint did not state facts sufficient to constitute the cause of action stated, and that is the only question to be considered in this appeal, for although another error is assigned it is the same question raised in another form.

We are of the opinion that the trial court did not err in overruling the said demurrer, for it being alleged in the complaint that the father of the minor secured the deferred part of the purchase price with a mortgage; that he transferred the property to his daughter and that the transfer was recorded in the registry of property in the name of the minor, a relation was created between the vendor and the transferee of the mortgaged property binding the latter to pay the debt with which the property was transferred to her. From the moment when the transferee accepted the property with that encumbrance, as is shown by the fact that it was recorded in her name, she became legally obligated to pay to the mortgagee the amount of the mortgage which secured the deferred part of the purchase price.

The mortgage having been created by the vendee and the property having been transferred to the defendant with that encumbrance, the action of the mortgagee to recover the deferred part of the purchase price secured by the mortgage lies against the actual owner of the property and not against the vendee who created the mortgage. In other words, a mortgaged property having been conveyed to the minor, she is bound to answer for the amount of the mortgage. Perhaps some doubt might arise if it were sought to recover personally from the minor the amount of the debt for the reason that the mortgaged property was not of suf-

ficient value to cover the amount of the mortgage, but that is not the case here.

It is true that the mortgage is not recorded in the registry of property, and for that reason an ordinary action instead of a summary foreclosure proceeding has been instituted to recover its amount; but the fact that it is not recorded does not affect the minor defendant in the least, for she received the property subject to the mortgage.

For the foregoing reasons the judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justice Franco Soto concurred.

Mr. Justice Hutchison dissented.

Mr. Justice Wolf took no part in the decision of this case.